United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH LALINDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03894 |
| | § | |
| MEMORIAL HERMANN HEALTH SYSTEMS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

This case is before the Court on the plaintiff's, Deborah La Linde, motion for the entry of judgment for damages against the defaulted defendant, Memorial Hermann Health Systems ("MHHS"). Pursuant to the plaintiff's request, the motion was set for hearing in open Court for January 25, 2024, at 9:30 a.m. Only the plaintiff appeared and gave testimony. After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion for a judgment on damages should be **DENIED**.

**II.   FACTUAL BACKGROUND**

The record shows that this lawsuit was filed on November 7, 2022, by the plaintiff against MHHS. A return of service of summons was executed and filed February 6, 2023,

[DE 8]. Nevertheless, MHHS failed to file an appearance; and, on April 3, 2023, the plaintiff requested entry of default against the defendant. The Court entered an Order evincing default on April 10, 2023, and thereafter, on November 9, 2023, the Court entered a Default Judgment against MHHS. [DE 11]. The Court then set a hearing to establish proof of the claim and damages. On January 25, 2024, the Court received evidence in the forms of testimony and documents and took the case under advisement pending the filing of finding of fact and conclusions of law.

### III.   CONTENTIONS OF THE PLAINTIFF

On or about November 7, 2022, the plaintiff filed this lawsuit against the defendant when she was terminated from her employment on or about October 24, 2021. She commenced her employment with the defendant in November 2019, as a Registered Nurse, and was paid an hourly rate of $46.00 per hour. According to her pleadings and testimony, on or about July 20, 2021, she was permitted paid FMLA leave so that her son could receive a surgical procedure in New York for a collapsed spine. The plaintiff anticipated that her son would require six to eight weeks for recovery after the surgery and that thereafter, she would return to work. According to her pleadings, the plaintiff's paid FMLA leave ended on or about October 10, 2021.

In early August 2021 while in New York and on FMLA leave, the plaintiff received notice that MHHS had implemented a mandatory vaccination policy that required all employees to be vaccinated against COVID-19 in order to continue their employment. The plaintiff opposed this COVID-19 vaccination for a number of reasons pertaining to her

religion such as, "(1) a vaccination is not morally obligatory in principle and so must be voluntary; (2) there is a general moral duty to refuse the use of medical products, including certain vaccines, that are produced using human cells lines derived from direct abortions; (3) a person's informed judgments about the proportionality of medical interventions are to be respected unless they contradict authoritative Christian moral teachings; (4) a person is morally required to obey his or her sure conscience; and that (5) abortion is a sin and contrary to the teachings of the Christian Church and as a result, a Christian may invoke Church teaching to refuse a vaccine developed or produced using abortion derived cell lines." The plaintiff was advised that she could submit a request for a religious accommodation that would be reviewed. In other words, MHHS would review the requested accommodation and determine whether to approve it. The plaintiff submitted a request on August 31, 2021.

The plaintiff, when asked – "Did MHHS ever respond to your accommodation request?" responded: "Basically they were saying it was . . . either you take the Johnson and Johnson vaccination by October 2021, or you no longer work for us." The plaintiff took the defendant's remarks to mean that if she did not take the Johnson and Johnson vaccine by October 9, 2021, that she could no longer work at the hospital. Thereafter, MHHS denied the plaintiff request for an accommodation on September 9, 2021. On October 24, 2021, the plaintiff was terminated. The plaintiff has not been employed since her termination.

### IV.     ANALYSIS & DISCUSSION

The plaintiff brought this lawsuit alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. and suggested that MHHS violated the Family Medical Leave Act, 29 U.S.C. §§, *et. seq.* by terminating her. However, the plaintiff's pleadings fail to support a claim for relief under the FMLA. Moreover, it appears that the plaintiff received all of the benefits of FMLA leave that she was entitled to receive prior to her termination on October 24, 2021. Therefore, in the Courts view, there is no justiciable claim pled or to be pled under the FMLA.

Turning to the plaintiff's religious discrimination claim under Title VII, it is not substantiated by the evidence presented. The Court acknowledges the plaintiff's claim that MHHS's refusal to grant a religious accommodation based on sincerely held religious beliefs implicate title VII. However, the defendant demonstrated a legitimate and non-discriminatory reason for the termination, namely the implementation of a vaccine mandate to ensure the safety of its employees and patients.

Additionally, the Court notes the plaintiff's failure to mitigate her damages. The plaintiff did not show that she actively sought alternative employment opportunities upon receiving notice of the potential termination. A reasonable person in her position would have taken steps to explore other job opportunities, especially considering the circumstances surrounding the vaccine mandate.

Moreover, the plaintiff has not demonstrated that she investigated an alternative vaccine that aligns with her religious views. The Court recognizes that individuals have

varying beliefs, and the defendant's insistence on a specific vaccine may have contributed to her termination. However, the plaintiff's refusal to explore available alternatives demonstrates a lack of effort to mitigate her situation.

A similar issue was present and considered by the Second Circuit Court of Appeals in *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir.) (2021). The Second Circuit's stance i.e. balancing an individual's religious belief against legitimate public health concerns aligns with the principles guiding this case. Hence, this Court adopts that reasoning here.

## V.   CONCLUSION

In conclusion, the Court determines that the plaintiff's claim for monetary damages based on the lack of a viable FMLA claim, and her civil rights claims should be denied for the reasoning set out by the Second Circuit Court of Appeals. Based on the foregoing analysis and discussion, the defendant's motion for entry of judgement for damages is **DENIED**.

It is so **ORDERED**.

SIGNED on March 13, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge